IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY, )
)
Plaintiff, )
)
v. ) No. 08-1405-WEB
)
L.D. DRILLING, INC., )
VAL ENERGY, INC., and )
NASH OIL & GAS, INC., et al., )
)
Defendants. )
)

**Memorandum and Order**

This matter is before the court on plaintiff Northern's Objection to Order of Magistrate Judge. Doc. 169. In what may be a first for this court, the plaintiff has filed an objection to a ruling by the Magistrate despite the fact that the Magistrate granted the relief requested by plaintiff – i.e., the right to amend the complaint.[1] Northern "respectfully submits that, while reaching the proper end result, the Magistrate's Order contains certain analytical errors regarding the proper interpretation of K.S.A. § 55-1210 and controlling Kansas law." Doc. 169 at 2.

Ordinarily the court would await complete briefing by all parties before proceeding to address the objection. Because it is clear to the court that the objection presents no grounds for relief, however, and because full briefing on the issue – including from the more than 30 parties recently named as defendants in the action – would involve a substantial waste of resources, as well as open up a pandora's box of arguments that formed no part of the Magistrate's holding, the court concludes that the objection should be denied without further briefing.

---

[1] The Magistrate also denied certain portions of the motion to amend, but Northern does not object to those portions of the Magistrate's ruling.

I. *Standard of Review*.

Under Fed.R.Civ.P. 72(a), when a party timely objects to a magistrate's order on a non-dispositive matter, the court must consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." An order allowing amendment of a complaint is considered non-dispositive for purposes of this rule. *Wilson v. Wal-Mart Stores, Inc.*, 2008 WL 2622895 (D. Kan., June 30, 2008).

II. *Discussion*.

In opposing Northern's motion to amend the complaint, the defendants argued before the Magistrate that K.S.A. § 55-1210(c) only allowed Northern to retain title to migrated storage gas that had migrated no further than "adjoining property" – meaning sections of land adjacent to those sections containing Northern's storage facilities. Northern responded by arguing that the statute ensured Northern's continuing title to injected storage gas no matter how far it migrated from the storage area. In addressing these arguments, Judge Bostwick's order stated:

> [I]t is possible that Defendants may be able to establish, as a matter of law, that the statute does not allow Plaintiff to retain title to storage gas that has migrated horizontally to areas that are beyond any adjoining property to [its] storage field. However, at this stage of the proceedings the parties have not adequately briefed that issue nor have they presented any evidence of legislative history of the statute to support their interpretation. While this legal issue may or may not ultimately be decided in Defendants' favor after motions for summary judgment are filed and fully briefed, the Court cannot conclude from the record before it now that Plaintiff's proposed amendment, insofar as it involves non-adjoining property, is futile.

Doc. 165 at 10. As a result, Judge Bostwick held that "for purposes of the motion to amend only, Plaintiff has pled sufficient facts to present a claim that is plausible on its face as to the proposed Count[] I," as well as its claims for conversion and unjust enrichment. *Id*. at 10-11. He thus

granted Northern's motion to amend the complaint to add such claims. *Id*. at 20.

The Magistrate Judge's holding was that Northern's claim of title to gas which has migrated beyond the adjoining property was plausible on its face and that Northern was therefore entitled to amend the complaint to assert such claims. Northern has shown no error of law in the Magistrate's ruling. Any discussion by the Magistrate of how "it is possible" to construe the statute contrary to his actual holding does not even rise to the level of dicta.

The court recognizes that the construction of K.S.A. § 55-1210 is critical to the claims at issue, and Northern says it could not risk this comment and others becoming the law of the case by a failure to object. But the Magistrate's comments do not even amount to a conclusion of law. Even assuming they did, the law of the case doctrine will not prevent this court from making its own determination of the proper construction of the statute once that issue is properly before the court on a motion for summary judgment. *See e.g., Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) (noting discretionary nature of the law of the case doctrine).

III. *Conclusion*.

Northern's Objection to Order of Magistrate Judge (Doc. 169) and Motion for a Hearing on the same (Doc. 170) are DENIED. Defendant L.D. Drilling's Motion for Extension of Time to Respond to Objection (Doc. 174) is DENIED as moot. The parties will continue their discovery before the Magistrate in an expeditious and professional manner.

IT IS SO ORDERED this   22nd   Day of January, 2010, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

3