# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY, )
)
                     Plaintiff, )
)
v. )   Case No. 08-1405-WEB-DWB
)     (Consolidated with Case No.
)     08-1400-WEB-DWB)
L.D. DRILLING, INC., )
VAL ENERGY, INC., and )
NASH OIL & GAS, INC., et. al., )
)
                     Defendants. )
)
_____)

**ORDER GRANTING IN PART AND DENYING IN PART
MOTIONS FOR PROTECTIVE ORDERS
AND ENTRY OF PROTECTIVE ORDER**

The original parties to this action have all filed motions for entry of protective orders due to their inability to agree on any conditions of such an order. *See* Doc. 110 (motion by plaintiff Northern Natural Gas Company);[1] Doc. 115 (motion and memorandum by defendants L.D. Drilling, Inc., Val Energy, Inc. and Nash Oil & Gas, Inc.).[2] Since the filing of those motions, Northern has been allowed to file an amended complaint adding numerous other defendants who were either non-operating working interest owners or overriding royalty owners in wells operated by the original defendants. *See* Doc. 168 (Northern's Amended Complaint). As of this date, those newly-added defendants have not yet filed answers to the amended complaint. Some

---

[1] A supporting memorandum, a response and a reply have also been filed concerning this motion. *See* Doc's 111, 121, 128.

[2] A response and a reply have also been filed concerning this motion. *See* Doc's 127, 137.

of the newly-added defendants have arranged for representation by counsel who have been involved in this case since its filing, *see e.g.*, Doc. No's 203 through 210, but not all newly-added defendants have yet appeared through counsel.[3]

Counsel for Plaintiff have indicated that they are now in the position of having to produce documents which Plaintiff considers to be trade secrets and for which it needs a protective order in place to protect the confidentiality of those documents. All parties concede that the confidentiality of "trade secrets"[4] should be protected, but they disagree about the extent of a protective order and to whom any confidential documents may be disclosed. Plaintiff Northern seeks a provision in the protective order which would allow it to submit documents covered by the protective order in this case to other "third-party authors, third-party recipients and to federal or state regulatory agencies such as the Federal Energy Regulatory Commission (FERC) and the Kansas Corporation Commission (KCC) in connection with regulatory matters within the jurisdiction of those administrative agencies. Defendants object to this provision. Defendants argue that the landowners of the land underlying their oil and gas leases should be entitled to dissemination of confidential documents since the possible incursion of gas into their properties may result in dangerous conditions or contamination of other resources. Plaintiff objects to this provision.

---

[3] At the February 1, 2010 telephone hearing, counsel for the original defendants indicated that they believed that they would also be representing all of the newly-added defendants who have interests in wells and leases of the respective original defendants.

[4] The court anticipates, based on the history of this litigation and prior litigation among some or all of these parties, that there will be objections as to what materials constitute "trade secrets" that should be protected by any protective order. The court notes that under Fed. R. Civ. P. 26(c)(1)(G), the court may also order protection for "other confidential research, development, or commercial information."

In addition to the above-described motions, Plaintiff has also filed a motion to compel the original defendants to allow entry on the land where defendants' wells are located for the purpose of conducting tests on defendants' wells. *See* Doc. 122. In their response and objection to that motion to compel, Defendants also seek a protective order prohibiting Plaintiff from entering on the land where defendants' wells are located for the purposes of testing (or re-testing) any of defendants' wells. *See* Doc. 132 (which incorporates the requests and arguments made in Doc. 115). This Order and the resulting Protective Order now being entered by the court does not rule on Plaintiff's motion to compel or on that portion of defendants' response which seeks a protective order to prevent such entry and testing. The court will rule on those issues after the newly-added defendants have answered.

After reviewing the above motions, responses and replies, and after hearing arguments of counsel at a telephone conference on February 1, 2010, the court GRANTS IN PART and DENIES IN PART both of the motions for protective orders (Doc No's 110 and 115). Generally, the court denies Northern's request to allow dissemination of Confidential Materials to "third-party authors" or "third-party recipients," but allows dissemination to certain federal and state agencies or regulatory bodies only upon compliance with certain procedures which govern any such dissemination. The court denies Defendants' request that the protective order forbid Northern from any discovery as to properties or wells that are not on land that is adjoining Northern's storage field, and also denies Defendants' request that they be entitled to disseminate Confidential Information to landowners who are not parties to this action.

Therefore, the court hereby enters the following Protective Order which is to govern further discovery in these consolidated cases.

**PROTECTIVE ORDER**

1.  This Order ("Protective Order") shall govern the pretrial use and dissemination of all Confidential Information (as defined hereinafter) produced within this litigation. This Protective Order does not control the use of Confidential Information at trial and any issues concerning the use of confidential materials during trial will be made by the assigned U.S. District Judge. The Parties reserve their respective rights to object to the use of Confidential Information at trial.

2.  "Confidential Information" includes, but is not limited to documents, data, analysis, tests, test results, samples, sample results and/or information which: (1) is not in the public domain; (2) the designating Party identifies as such in the manner set forth in this Protective Order; and (3) the designating Party reasonably and in good faith believes constitutes or discloses confidential financial, business, personal, or other sensitive information that the designating Party has maintained in confidence, will maintain in confidence, or is under an obligation to maintain in confidence, including information required to be protected by agreement, contract, and/or federal or state law. Moreover, Confidential Information may include all information, documents, or tangible items disclosed in response to discovery requests made under the Federal Rules of Civil Procedure, all information and documents disclosed informally by any Party, including all copies or extractions and any electronically or digitally stored copies or extractions, and all other information or documents designated as Confidential Information by any Party. Further, "Confidential Information" shall include any and all copies, recordings, abstracts, excerpts, summaries, analyses, or other writings or materials that contain, reflect, reveal, or otherwise disclose Confidential Information.

3. Documents, information, or other tangible items shall be designated as Confidential Information by marking the words:

**CONFIDENTIAL**
**SUBJECT TO A PROTECTIVE ORDER**

on the face of the original and/or photocopies of the documents, information or other tangible items, and upon each page so designated, if practicable.

4. A failure of a producing Party to initially designate any document, information, or tangible item as Confidential Information shall not constitute a waiver of the right to subsequently assert and designate at any time that such document, information, or tangible item is Confidential Information.

5. In addition to any Confidential Information defined above, the following categories may also be designated as Confidential Information:

   a. A Party may designate deposition testimony, including exhibits, as Confidential Information. Designation of deposition testimony, including exhibits, as Confidential Information shall be made by: (1) placing a statement to such effect on the record in the course of the deposition of such deponent; or (2) notifying all Parties in writing within twenty (20) days following receipt of the transcript. If such designation is made during the deposition, the court reporter shall place the legend "CONFIDENTIAL" on each page of the transcript containing material designated as Confidential Information. If designation is made during the 20-day period after receipt of the transcript, all Parties in possession of the transcript at the time of receiving the designation or thereafter shall place the Confidential legend at the top of each page so designated and each photocopy thereof. Alternatively, a Party may designate an entire transcript as confidential by

marking cover page of such transcript "CONFIDENTIAL TRANSCRIPT" or by marking each page of such transcript "CONFIDENTIAL."

b. All or any part of a Party's response to interrogatories, requests for admission, or requests for production of documents may be designated as Confidential Information by stamping or otherwise marking such responses as Confidential Information in the manner specified in paragraph 3.

c. All or any part of data, information, testing, lab results, modeling, or analysis, regardless of the manner in which it was gathered, disclosed, collected, produced or received may be designated as Confidential Information by notifying all Parties in writing within twenty (20) days following inspection.

d. In the event that a Party filing a brief, affidavit, or other document includes information therein which has previously been marked as Confidential Information shall designate that brief, affidavit, or other document (including any exhibits), or portions thereof, as Confidential Information by stamping or otherwise marking such brief, affidavit, or document with the designation of "Confidential Information" and seeking an order from the Court to place such brief, affidavit, or other document (including any exhibits) under seal pursuant to D. Kan. Rule 5.4.6.

e. A Party filing a brief, affidavit, or other document with the Court may designate that brief, affidavit, or other document (including any exhibits), or portions thereof, as Confidential Information by stamping or otherwise marking such brief, affidavit, or document with a designation of "Confidential Information" and seeking an order from the Court to place such brief, affidavit, or document (including any exhibits) under seal

pursuant to D. Kan. Rule 5.4.6.

6. Unless otherwise agreed upon or provided for herein, Confidential Information may only be utilized for purposes of those certain matters styled *Northern Natural Gas, Co. v. Nash Oil & Gas, Co., et al.,* 08-CV-1405, and *Northern Natural Gas, Co. v. LD Drilling, Inc., et al.,* 08-CV-1400 (collectively, the "Litigation") and shall only be utilized and disclosed by the receiving Party to the following persons:

    a. Attorneys of record and others employed by or associated with them, to the extent necessary to render professional services in this Litigation;

    b. Officers, directors, attorneys, and employees of the Parties to whom it is necessary that the documents be shown for purposes of this Litigation;

    c. Independent experts and consultants and their employees retained in this Litigation, provided that each independent expert and consultant signifies in writing, by executing a copy of Exhibit A hereto, that he or she has read and understands this Protective Order and will be bound by its terms;

    d. Any witness or potential witness or person being deposed in connection with this litigation, to the extent necessary to render testimony in this Litigation, provided that each witness, potential witness, or deponent signifies in writing by executing a copy of Exhibit A hereto, that he or she has read and understands this Protective Order and will be bound by its terms;

    e. The Court and Court personnel in this Litigation (including without limitation any hearings, trials, and appeals);

    f. Stenographic deposition and court reporters utilized in this Litigation;

g. Those federal and/or state agencies, commissions or other regulatory bodies described *infra* at paragraph 15; provided that the conditions and procedures set out in paragraph 15 are satisfied;

h. Such other persons as are designated by the producing Party or by Court order, or upon whom the Parties mutually agree in writing.

7. All documents, including deposition transcripts, exhibits, answers to interrogatories, affidavits, and memoranda of law, which contain Confidential Information and which are filed with the Court shall be filed under seal, in accordance with D. Kan. Rule 5.4.6. To the extent that the Court provides that Confidential Information shall be filed in a manner other than that listed in this Protective Order, the parties shall abide by the Court's rules or guidelines regarding the filing of Confidential Information.

8. In the event one Party files information with the Court which another Party believes should have been designated as Confidential Information but was not so designated, the Party seeking the protection of such documents may, within ten (10) days after Confidential Information is filed with the Court, seek an order from the Court to place under seal any document filed with the Court that includes or attaches such Confidential Information, and to designate such documents as Confidential Information in accordance with the terms of this Protective Order.

9. At any time after the designation of Confidential Information, any Party may object to its designation by notifying the designating Party in writing of that objection and specifying the specific documents or materials to which the objection is made. The Parties shall, within ten (10) days of service of the written objections, confer concerning the objection. If the objection is not

resolved, the Party objecting to the designation of Confidential Information shall, within ten (10) days of the conference, file and serve a motion to resolve the dispute. The designating party shall have the burden of proving that the documents or materials designated as confidential and which are the subject of the motion are entitled to protection under this Protective Order and the provisions of Fed. R. Civ. P. 26(c). The receiving party shall treat all such documents and information as Confidential Information under the terms of this Protective Order unless and until the Court issues an order determining that the documents or information should not be treated as Confidential Information. Documents determined not to be confidential by the Court shall, by reason of such ruling, cease to be subject to the protection of this Protective Order. The designating Party shall, at its expense, provide to each Party who so requests additional copies, without the stamped designation "Confidential Information," of any material which ceases to be subject to the protection of this Protective Order either by operation of the foregoing provisions or by order of the Court.

10. If a Party uses Confidential Information in the course of a proceeding before this Court, the Confidential Information revealed in the course of the proceeding shall not lose it confidential status through such use. The provisions of this Protective Order shall not apply to any documents or information obtained or possessed by any Party otherwise than by virtue of this Litigation, whether or not such documents or information also designated as Confidential Information; and shall not be read to restrict in any way any Party's treatment of its own documents or information.

11. Within sixty (60) days after the final determination of this Litigation, including all appeals, the Confidential Information, and all copies thereof, and all excerpts, summaries or

other material derived therefrom, shall be returned to the counsel for the Party who produced or generated the Confidential Information. Notwithstanding the foregoing, a Party may retain any excerpts, summaries, or other material derived from Confidential Information which would otherwise be protected from disclosure pursuant to the work product doctrine, attorney-client privilege, or other applicable privilege, or copies of any Confidential Information which have been included in papers filed with the Court. In such case, the signatory will continue to maintain any such Confidential Information pursuant to the terms of this Confidentiality Agreement.

12. This Protective Order does not affect any Party's right to take discovery, or to object to discovery on grounds other than the information sought contains or discloses confidential financial, personal, or other sensitive information.

13. Any Party may waive a confidential designation previously made by that Party by informing all other Parties of the waiver in writing: This Protective Order shall no longer apply to such material. This Protective Order shall not prevent any of the Parties from moving this Court for an order that Confidential Information be disclosed other than in accordance with this Protective Order. Until the Court makes a determination on the merits of any such motion, the Confidential Information shall continue to be treated as Confidential Information under the terms of this Order. Nothing contained in this Protective Order shall alter the burden that otherwise would apply of establishing the propriety of allowing or preventing disclosure.

14. Pursuant to Federal Rule of Evidence 502(d), any privilege or protection shall not be waived by inadvertent disclosure connected with this Litigation. More specifically, if any documents, records, and/or data are disclosed to another party which either the disclosing party

or receiving party believe may contain information that is protected by attorney-client or work product protections/privileges, the receiving party shall promptly return such documents to the disclosing party. Such documents will not lose the privilege and/or protection attached thereto by the mere fact such documents were inadvertently disclosed, and the parties do not waive their right to dispute the underlying claim of privilege or work-product protection. If a receiving party disputes or believes it might dispute the claim of privilege or protection, the receiving party may retain a copy of the document, record or data to evaluate such claim of privilege, and the parties shall cooperate to obtain the Court's decision regarding such claim of privilege or protection. In any Court filings regarding such claim of privilege or protection, the parties shall take reasonable steps to ensure that the documents(s) are not viewable other than by the Court (and its personnel) and the parties (and their attorneys and personnel).

15. Notwithstanding anything in this Protective Order, Confidential Information may be disclosed to, filed with and/or reported to any federal and/or state governmental agency, commission, or other regulatory or administrative body as required by law, including specifically the Federal Energy Regulatory Commission (FERC) and the Kansas Corporation Commission (KCC). In the event any party to this Litigation intends to submit or file with such agency or commission any documents which have been designated as confidential by another party in this Litigation, the party wishing to submit such information shall:

(a) give ten (10) days prior written notice of its intent to the party who designated such materials as Confidential Information under this Protective Order by designating the specific documents or information it intends to submit and identifying the regulatory agency to which the materials are going to be submitted;

(b) advise the regulatory agency in writing at the time such materials are submitted that they have been designated as Confidential Information and are subject to the Protective Order in this Litigation;

(c) use its best efforts to obtain all available protection of the Confidential Information by employing the federal or state governmental agency, commission or other regulatory or administrative body's confidentiality procedures; and

(d) advise the party who designated such materials as Confidential Information under this Protective Order of any determinations by the federal or state governmental agency, commission or regulatory or administrative body's determination as to whether the materials submitted will be protected by the agency's own confidentiality procedures.

16. Notwithstanding anything in this Protective Order, Confidential Information may be disclosed in response to subpoena issued in another court case or administrative proceeding. Before a Party (other than the Party who originally produced and designated the Confidential Information) discloses Confidential Information pursuant to a subpoena, it shall first timely notify the Party who originally produced and designated the Confidential Information and provide that Party with a copy of the subpoena, so as to afford the Party a reasonable opportunity to seek a protective and/or confidentiality order. In addition, the Party disclosing Confidential Information pursuant to subpoena shall seek to protect the Confidential Information by timely notifying the appropriate Court or administrative agency that the information is subject to a Protective Order.

17. This Protective Order is without prejudice to the right of any Party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or

rescinded by the Court, and shall survive the termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this Protective Order during the pendency of this Litigation. After termination of this Litigation, any party to this Litigation may seek leave to reopen the case to enforce the provisions of the Protective Order.

18. Because this Protective Order is being entered prior to the formal appearance of several of the newly-added defendants, any newly-added defendant may subsequently seek to modify or amend this Protective Order; provided however, that the court will not reconsider the terms of this Protective Order unless the newly-added parties brings forward new legal arguments and/or new factual information not already considered by the court in entering the present Protective Order.

19. In the event any party seeks review of this Order and of the terms of the Protective Order entered herein, this Protective Order shall continue to govern and protect any Confidential Information produced by any party to this action pending any further order of the Court.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2010.

    s/ DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,

        Plaintiff,

v.            Case No. 08-CV-1405-WEB-DWB
              (Consolidated with Case No.
              08-1400-WEB-DWB)

L.D. DRILLING, INC.,
VAL ENERGY, INC., and
NASH OIL & GAS, INC., et.al.,

        Defendants.

## CONFIDENTIALITY AGREEMENT

1. I hereby acknowledge that I am about to receive information subject to a Protective Order governing the restricted use of confidential information in the above captioned litigation. I have read the terms and conditions of such Protective Order, and consent to be bound by the terms of the Protective Order as a condition to being provided access to the confidential information.

2. I will not utilize any documents marked in the above captioned case as a "CONFIDENTIAL DOCUMENT" for any purpose other than the above-styled action and will only use such documents as permitted by the terms of the Protective Order.  These documents are subject to restriction by order of the U.S. District Court, District of Kansas, Case No. 08-CV-1405-WEB-DWB, and may not be copied or disseminated except by Order of the Court," or any information contained therein for any purpose other than as permitted by the Protective Order.  I further affirm that I will neither reveal any such designated information to, nor discuss it with, any other persons except in accordance with the terms of the Protective Order.

3. By executing this Confidentiality Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Protective Order.

_____     _____
Name:                                                                                      Date

State of _____ )
                               ) :ss
County of _____ _____ )

Taken, subscribed, and sworn to before the undersigned Notary Public this _____ day of _____, 2010.

                                                                           _____
                                                                           Notary Public

My commission expires:
_____