# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS     )
COMPANY,     )
    )
         Plaintiff,     )
    )
vs.     )   Case No. 08-1405-WEB-DWB
    )   *Consolidated with* Case
L.D. DRILLING, INC.; VAL ENERGY,     )   No. 08-1400-WEB-DWB
INC.; and NASH OIL & GAS, INC., et.al.,     )
    )
         Defendants.     )
_____ )

## MEMORANDUM AND ORDER

Now before the Court is Northern's Motion to Amend Scheduling Order (Doc. 327, 328) seeking to extend the discovery cutoff to February 28, 2011, in order to allow ruling on discovery motions and time for discovery, and to adjust other related deadlines accordingly. There was no response filed by Defendants within the time set by the local rules, so Northern filed a Notice stating that the motion should be granted as unopposed. (Doc. 339.)

While Defendants did not file a response to this specific motion by Northern, they did file a Motion for Summary Judgment (Doc. 331, 332), and a Joint Motion to Stay Discovery which sought a stay of all discovery pending the court's ruling

on the motion for summary judgment. (Doc. 333.) The court subsequently approved an agreed order extending Northern's time to respond to Defendants' Joint Motion to Stay Discovery to July 19, 2010, and as part of that motion also extended Defendants' time to respond to any and all outstanding discovery issued by Northern until 30 days after the court decides Defendants' motion for summary judgment <u>and</u> Defendants' motion to stay discovery, or until otherwise ordered by the court. (Doc. 337.) The court therefore considers Defendants' motion to stay discovery as the equivalent of a response to Northern's motion to amend the scheduling order since it seeks to stop all discovery until there is a ruling on the motion for summary judgment rather than merely extend the discovery deadlines to a stated future date.

The court agrees with Northern's statements concerning the need to extend the deadline for discovery and all related dates that were set in the Scheduling Order of July 1, 2009. (Doc. 99.) However, rather than setting an artificial date for discovery cutoff, the court will instead vacate all unexpired deadlines in the July 1, 2009 Scheduling Order pending rulings on the multitude of discovery motions now before the court.

**IT IS THEREFORE ORDERED** that Northern's Motion to Amend

Scheduling Order (Doc. 327, 328) is GRANTED in PART and DENIED in PART

as follows:

A.  The motion is DENIED as to the request to set a new discovery cutoff

    date of February 11, 2011 and to reset related specific deadlines

    accordingly; and

B.  The motion is GRANTED insofar as it seeks relief from the deadlines

    set in the July 1, 2009 Scheduling Order (Doc. 99), and all unexpired

    deadlines set in the July 1, 2009 Scheduling Order are hereby

    VACATED and will be reset after rulings on the discovery motions

    now pending before the court.

Dated at Wichita, Kansas, on this 22nd day of June, 2010.

            S/ DONALD W. BOSTWICK
            Donald W. Bostwick
            United States Magistrate Judge