# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 08-1405-WEB-DWB<br>) *Consolidated with* Case |
| L.D. DRILLING, INC.; VAL ENERGY, INC.; and NASH OIL & GAS, INC., et.al., | ) No. 08-1400-WEB-DWB<br>)<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM AND ORDER**

Now before the Court are the following motions:

1. Defendants' Joint Motion for Protective Order concerning Rule 30(b)(6) depositions of Defendants (Doc. 297); and Plaintiff's Memorandum in Opposition (Doc. 307);

2. Plaintiff's Motion for Reconsideration (Doc. 302, 303) concerning the Court's prior Order on Motion to Compel; Defendants' Response (Doc. 310); and Plaintiff's Reply (Doc. 316);

3. Defendants' Joint Motion for Immediate Stay of All Discovery (Doc. 333); Plaintiff's Response (Doc. 350); and Defendants' Reply (Doc. 354).

The above motions are fully briefed and, after a careful review of the submissions of the parties, the Court is prepared to rule.

**BACKGROUND**

Litigation concerning Northern's Cunningham Storage Field has been ongoing between Northern and various oil and gas companies and landowners for several years in several different cases. Judge Brown has reviewed this history and background in his Memorandum and Orders of May 12, 2009 (Doc. 60) and November 6, 2009 (Doc. 152),[1] and the Court incorporates that background and history by reference here.

Additional developments have occurred recently that were not discussed in the above-referenced opinions. In this case, Northern has filed a Motion for Preliminary Injunction (Doc. 341, 342) seeking an order enjoining Defendants from any further operation of their wells located within the expanded boundaries of the Cunningham Storage Field. Defendants have responded (Doc. 345), and Northern has replied. (Doc. 352.) The Court has set a hearing on the motion for October 6, 2010 at 9:30 a.m. (Doc. 356.) There are also recent developments in other related cases and proceedings.

    1.    <u>The FERC Proceedings.</u>

---

[1] The November Memorandum and Order is also published as <u>Northern Natural Gas Company v. L.D. Drilling, Inc., et.al.</u>, Case No. 08-1405-WEB, 2009 WL 3739735 (D.Kan., Nov. 6., 2009).

On September 14, 2009, Northern filed a new application with the FERC by which it seeks to expand the certified boundaries of its Cunningham Storage Field to the North by adding approximately 14,240 acres. If granted, Defendants' wells that are the subject of this action and of Northern's Rule 34 request for testing would be located within the newly-certified boundaries of the storage field. (Doc. 141.) As a result of the FERC proceeding, Northern then conducted additional well tests in November, 2009. *See* Northern's Ex's 13 & 14, December 14, 2009 Hearing on Northern's Motion for Preliminary Injunction (hereafter referred to as the "12/14/2009 Injunction Hearing.")[2] On June 2, 2010, the FERC issued a Certificate of Public Convenience and Necessity authorizing the expansion of the Cunningham Storage Field by 12,320 acres. (Doc. 335-2.) The FERC subsequently entered an Errata Notice correcting typographical errors in the certificate. (Doc. 338-1.) The Court has been advised that no appeal has been taken from the FERC's decision.

 2. <u>The Pratt County Case.</u>

On December 2, 2009, Northern filed an action in the District Court of Pratt County, Kansas entitled *Northern Natural Gas Company v. ONEOK Field Services Company, L.L.C., et. al.,* Case No. 2009-CV-111 (hereafter referred to as the "State

---

[2] The transcript of the Injunction Hearing is (Doc. 172.)

Case.") (Doc. 159.) The petition in that case alleges that the defendants purchase gas from 24 wells owned or operated by L.D. Drilling, 4 wells owned or operated by VAL Energy, and 6 wells owned or operated by Nash. (Doc. 159-1 at 10-11.) The petition further alleges that by purchasing, transporting and reselling gas from these wells, which Northern alleges is Northern's storage gas, the defendants in the State Case have exercised ownership over Northern's storage gas without authority and have therefore committed conversion. (Doc. 159-1 at 12-13.) On April 15, 2010, Judge Schmisseur granted the motion for summary judgment filed by Nash Oil & Gas, Inc. and L.D. Drilling, Inc. (Doc. 308-1.) Northern subsequently appealed that decision to the Kansas Court of Appeals. (Doc. 324-1.) Thereafter, Judge Schmisseur held hearings on various post-trial motions on June 30, 2010, and formally entered judgment. (Doc. 348-5.) Northern's appeal was subsequently transferred to the Kansas Supreme Court on July 1, 2010. (Doc. 348-1.)

    3.    <u>The Condemnation Case, 10-1232-KHV-KMH.</u>

On July 16, 2010, Northern filed a condemnation case in this Court seeking to condemn the acreage covered by the FERC June 2, 2010 Certificate. Several waivers of appearance have been filed by various defendants, and for those parties answers will be due on approximately September 20, 2010. By Order of August 2,

2010, the case was transferred to the Honorable Wesley E. Brown and to the undersigned magistrate judge. (Doc. 23, No. 10-1232-WEB-DWB.)

## DISCUSSION

In its prior Memorandum and Order of March 26, 2010, the undersigned magistrate judge denied Northern's request to re-test the four Nash Wells known as the CRC 1, CRC 2, Staab No. 1 and Trenkle wells, and took under advisement Northern's motion to test the 25 wells of L.D. Drilling, the 4 wells of VAL and the 4 wells of Nash which are located on property that was not adjoining Northern's Storage Rights Area, pending a ruling in the state court case concerning interpretation of K.S.A. 55-1210. (Doc. 288, at 32.) However, in subsequent pleadings opposing Northern's Motion for Preliminary Injunction, Defendants have urged that their wells remain in operation, stating:

> Defendants' wells will likely also need to remain intact during the condemnation proceedings because the parties will likely have to conduct various tests and samples in order to determine the source and composition of the gas being produced. This will be relevant to determining what the value of the property being condemned is and what Northern is required to pay defendants for their property. If the wells are immediately shut in, the parties will not be able to conduct these tests.

Doc. 345, at 22 n. 9. Furthermore, after the FERC Certificate was issued on June 2, 2010, most (if not all) of the wells sought to be tested by Northern are now

5

located within the newly expanded field boundaries.  The Court believes that the events outlined above involve new evidence sufficient to justify reconsideration of its prior order concerning testing (and re-testing) of wells by Northern.  *See e.g.*, D. Kan. Rule 7.3(b)(2).  Accordingly, Northern's Motion for Reconsideration (Doc. 302) is GRANTED, and the Court will allow the testing (and re-testing) in accordance with a new discovery schedule to be set at a telephone scheduling conference with the undersigned magistrate judge.

Furthermore, because the newly-filed condemnation action will proceed regardless of any ruling by the Kansas Supreme Court in the appeal of the Pratt County Case, the Court must consider whether a stay of discovery in this case is appropriate or whether discovery should proceed.  While the issues in the present case may vary from the issues in the condemnation case, the factual evidence that is relevant to both cases is very similar.  Therefore, the Court finds that Defendants' Joint Motion for Immediate Stay of All Discovery (Doc. 333) should be DENIED, and the Court will set a revised discovery schedule as described below.  Similarly, since discovery should not be stayed at this time, Defendants' Joint Motion for Protective Order concerning Rule 30(b)(6) depositions of Defendants (Doc. 297) should also be DENIED, and any such depositions can be scheduled in accordance with a revised discovery schedule as described below.

**TELEPHONE SCHEDULING CONFERENCE TO SET
REVISED DISCOVERY SCHEDULE**

In light of the Court's rulings on the above motions, it is necessary for the parties to meet and confer in an attempt to arrive at a proposed revised discovery schedule that would apply to this case. Also, in order to avoid duplication of discovery and to minimize the costs and burdens on the parties, the court believes that discovery taken in this case should also be used in the related condemnation case. Not later than **August 16, 2010**, counsel are to submit a joint report to the Court proposing a discovery schedule for completion of all discovery in this case, including dates for expert reports, and identifying any disagreements among counsel as to the proposed deadlines. Counsel are also directed to identify any specific discovery which a party believes <u>must</u> be completed prior to the hearing on the Motion for Preliminary Injunction set for October 6, 2010. This joint report is to be sent by e-mail to Judge_Bostwick@ksd.uscourts.gov.[3]

A telephone scheduling/status conference is set for **Wednesday, August 18, 2010 at 10:00 a.m.** The undersigned magistrate judge will place the call to

---

[3] The undersigned magistrate judge retired effective August 2, 2010, but has been recalled by the Tenth Circuit for purposes of handling this and a few other specific cases. Accordingly, he will not maintain regular office hours. He can be reached either my e-mail at this address, or by calling his new chambers telephone number, 315.316.4270, and leaving a voice mail message. His mailing address is 132 U.S. Courthouse, 401 North Market, Wichita, KS 67202.

counsel at their office number.  <u>Any counsel who wishes to participate from a telephone number other than their office number shall advise the Court by e-mail to the above address not later than</u> **Monday, August 16, 2010.**

**IT IS SO ORDERED.**

Dated this 4th day of August, 2010, at Wichita, Kansas.

                                         s/ DONALD W. BOSTWICK
                                         Donald W. Bostwick
                                         United States Magistrate Judge