IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,  )  No. 08-1405-WEB-DWB
) (Consolidated with No.
Plaintiff,  ) 08-1400).
)
v.  )
)
L.D. DRILLING, INC.,  )
VAL ENERGY, INC.,  )
NASH OIL & GAS, INC., et al.,  )
)
Defendants.  )
)

### Memorandum and Order

On December 22, 2010, the court granted a motion for preliminary injunction by Northern. The court's order provided that upon satisfaction of certain conditions, including the posting of appropriate security by Northern, the defendants L.D. Drilling, Inc., Val Energy, Inc., and Nash Oil & Gas, Inc. shall cease and desist from further production of natural gas from 25 specified wells. Doc. 420. Because the defendants indicated they intended to remove tubing, rods and other equipment from the wells in the event of a shut-in, and also because of allegations that testing the wells might thereafter be impossible, the court stayed the effect of the injunction until February 21, 2011. The court gave the parties until January 10, 2011 to submit proposals for accomplishing the shut-in, particularly with respect to the removal of any equipment and any treatment necessary to protect the wells.

*Summary of Proposals*.

The parties have now filed their proposals. Val Energy's proposal essentially provides that beginning February 21, 2011, Val shall remove the rods, tubing and other equipment from

its wells; that it may use its own employees to do so; that Val shall treat the wells to prevent corrosion; and that Val shall then cap each well bore in accordance with standard procedures and KCC rules and regulations. It states that any of the parties may test the wells by providing reasonable notice to Val; that Val will submit its expenses for the foregoing activities to Northern, which shall reimburse Val up to $2,500 per well, and that Val may ask the court to order Northern to reimburse any additional reasonable costs.

The proposed order of L.D. Drilling provides that by February 20, 2011, L.D. Drilling shall shut in its wells; that Northern shall be afforded an opportunity to witness the shut-in; that L.D. Drilling shall have the option of subjecting its wells to chemical anti-corrosion treatment before shutting them in; that such treatment shall be at L.D. Drilling's expense and that within 10 days thereafter L.D. Drilling may bill Northern for the cost, and if Northern objects or fails to pay, L.D. Drilling may apply for an order directing Northern to reimburse L.D. for such costs as the court determines appropriate. Although L.D. Drilling previously indicated an intent to pull the equipment from its wells, it now says it believes it would be impossible to remove the equipment "without the expenditure of more than $2,500 per well (possibly considerably more)" and it is unwilling to assume that Northern will reimburse it for the full cost of any equipment removal. Doc. 422 at 2.[1]

Northern's proposal calls for immediate testing of the wells by all parties; followed by each operator engaging an independent contractor to conduct reasonable protective measures,

---

[1] The court's order that Northern pay removal costs up to $2500 per well was based in part on L.D. Drilling's evidence and proposed finding that if the wells were shut in, "the best course of action would be to immediately pull out the tubing, rods, and other equipment within a few days, at an immediate cost of $2000-$2500 per well to pull the equipment, plus $200-300 per well to 'kill' the wells...." Doc. 408 at 7.

2

including equipping the wells with a blowout preventer and removing the rods, pump and tubing; followed by corrosion treatment and securing the well. Northern proposes that it be allowed to object to defendants' choice of contractor and that the defendants supervise the work of the contractor. The defendants would be responsible for initial payment of the contractor and would submit receipts to Northern for reimbursement, up to $2500 per well (unless more is mutually agreed upon), with Northern to pay within 30 days.

After these proposals were submitted, Northern filed a "notice" in which it offered to reimburse Val an additional sum for the use of a blowout preventer during removal of well equipment from the Val wells. Doc. 424. A Northern motion filed later the same day indicated that Val and Northern had also reached an agreement that would allow Northern to conduct certain tests on the Val wells. Doc. 425.

*Discussion*.

After reviewing the parties' proposals, the court adopts the following order in connection with the shut-in of defendants' wells.

Any request by a non-owner to test one or more of defendants' wells shall be made by motion and shall be referred to Magistrate Judge Donald Bostwick for determination. (In that connection, Northern's "Motion to Resolve Parties' Dispute" (Doc. 425) is hereby referred to Judge Bostwick.). The Magistrate may set a deadline for filing any such motions and for completion of any testing approved by him, in addition to determining all other issues related to testing. Such orders may be issued both in the instant action and in the condemnation proceeding (Case No. 10-1232).

Any of the defendant operators who elect to remove equipment from their wells or to

treat their wells for corrosion shall, if they intend to seek reimbursement from Northern, provide Northern with notice of their election. The defendants may select an independent contractor to perform such preventive work at a reasonable cost and shall be responsible for initial payment of the contractor. If the defendants elect to use their own employees to perform any such work, they may seek reimbursement from Northern for the fair market value of such work. The defendants may thereupon submit receipts to Northern for reimbursement for such work up to a limit of $2500 per well, which shall be paid by Northern within 30 days of submission. If the cost of reasonable preventive work exceeds $2500, a defendant may petition the court to order Northern to reimburse additional reasonable expenses. Northern shall be responsible for reimbursing all reasonable and necessary expenses of performing the preventive work required by shut-in including, if appropriate, the use of a blowout preventer during removal of well equipment. All such work shall be performed in accordance with Kansas laws and regulations.

No later than February 7, 2011, Northern shall file notice of its intent to post the security required by the court for issuance of the preliminary injunction. Upon posting of appropriate security by Northern, Defendants L.D. Drilling, Nash Oil & Gas, and Val Energy shall, no later than February 21, 2011, cease and refrain from further production of natural gas from the 25 gas wells identified in the court's order of December 22, 2010.

IT IS SO ORDERED this __19th__ Day of January 2011, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge