IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY, | ) | No.  08-1405-WEB-DWB |
| | ) | (Consolidated with No. |
| Plaintiff, | ) | 08-1400). |
| | ) | |
| v. | ) | |
| | ) | |
| L.D. DRILLING, INC., | ) | |
| VAL ENERGY, INC., | ) | |
| NASH OIL & GAS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>Memorandum and Order</u>**

This matter is before the court on the following motions: Northern's Motion to Amend the Complaint (Doc. 390); Defendants' Motion to Dismiss With Prejudice Northern's Claims as to Section 28 Wells (Doc. 400); Northern's Motion for Hearing (Doc. 451); Northern's Motion for Preliminary Injunction (Doc. 457); Defendants' Motion to Strike Motion for Preliminary Injunction (Doc. 462); and Northern's Motion to Stay or Hold in Abeyance Resolution of Section 28 Wells (Doc. 469).

I.  *<u>Summary</u>*.

Northern's First Amended/Supplemental Complaint (Doc. 168) included allegations that certain "Section 28 wells"[1] were producing storage gas belonging to Northern.  Northern subsequently filed a motion to amend the complaint to remove these claims.  Northern explained

---

[1] The "Section 28 area" refers to a 1,920 acre area (including S28, T26S, R11W in Pratt County) that FERC refused to include when it granted Northern's request to expand the boundaries of the Cunningham Storage Field on June 2, 2010.  FERC refused to include this area due to a lack of evidence that the wells therein were producing storage gas.  For convenience the parties refer to the wells in this 1,920 acre area as the "Section 28 wells" even though not all of the wells are actually in Section 28.

that well tests completed after the filing of the complaint showed the Section 28 wells were not producing storage gas.  Doc. 390.  The defendants opposed the motion to amend, arguing the claims should instead be dismissed with prejudice due to the history of the litigation and the prejudice defendants would allegedly suffer from Northern being allowed to remove the allegations.  Doc. 401.  Northern subsequently filed a motion for preliminary injunction, which sought an order from the court directing that Northern be allowed to test some of the Section 28 wells pursuant to the testing rights contained in K.S.A. § 55-1210.  Northern argued that in view of FERC's June 2, 2010 Certificate granting Northern authority to condemn the Expansion Area, these Section 28 wells are now located on "adjoining property" within the meaning of K.S.A. § 55-1210(c)(2), giving Northern a statutory right to test them.  Specifically, Northern seeks to test 5 wells operated by L.D. Drilling "on a bi-annual basis until 2016...."  Doc. 457 at 3.  Defendants move to strike this request for several reasons, including: that the Section 28 area is not "adjoining property" unless and until Northern pays just compensation to acquire the Expansion Area; that FERC only certified the Expansion Area for use as a buffer zone, not as a storage area, and the Section 28 wells thus do not adjoin the storage field; and there is no evidence that the Section 28 wells are producing storage gas, so tests are not "reasonable to determine ownership of the gas" under 55-1210(c)(2).  Finally, Northern filed a motion asking the court to stay or hold in abeyance the resolution of its request to amend the complaint.  It says recent data shows that "many of the Section Area Wells are no longer steadily declining as typical gas production wells do in Kansas," Doc. 470 at 2, which "provides strong reasons to suspect" the earlier conclusion that these wells are not producing storage gas may be incorrect. Northern argues the motion should be held in abeyance until it has time to test the Section 28 wells and analyze the results.

2

The court has reviewed all of the briefs and materials filed in connection with the foregoing motions, and is prepared to rule.

II. *Discussion*.

Defendants argue for dismissal of Northern's Section 28 claims under Rule 41(b). That rule deals with involuntary dismissal of actions or claims, and comes into play only "if the plaintiff fails to prosecute or to comply with these rules or a court order,..." Fed.R.Civ.P. 41(b). Rule 41(b) was originally intended to provide "for the equivalent of a nonsuit on a motion by the defendant after completion of evidence by the plaintiff." *Id.*, Advisory Committee Note to 1937 Adoption. For that reason, a dismissal under that section typically operates as an adjudication on the merits unless otherwise noted. There has been no adjudication on the merits of Northern's Section 28 claims; in fact, discovery has not been completed on these claims. Defendants have not shown that Northern has a history of missing deadlines, or that it has failed to comply with the rules of civil procedure, or that it has engaged in dilatory tactics respecting these claims such as would justify their dismissal with prejudice as a sanction for misconduct. *Cf. Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962). And as plaintiff points out, a request to narrow the scope of its pending claims cannot be equated with a "failure to prosecute" within the meaning of Rule 41(b). An involuntary dismissal of the claims under Rule 41(b) is clearly not warranted under these circumstances. Defendants' motion to dismiss these claims with prejudice is denied.

Rule 15(a)(2) requires that leave of court be obtained to amend a complaint in such a situation. "The court should freely give leave when justice so requires." *Id.* This requirement is a "mandate ... to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). A denial of leave may be justified in some circumstances, including: 1) undue delay, 2) bad faith or dilatory

3

motive on the part of the movant, 3) repeated failure to cure deficiencies by amendments previously allowed, 4) undue prejudice to the opposing party by virtue of allowance of the amendment, or 5) futility of amendment. *Id.  See also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants here argue some combination of delay, bad faith, and prejudice.  As for delay, no showing of undue delay in the instant litigation has been shown.  The court recognizes defendants' complaint that the history of litigation involving the Cunningham Storage Field has cast a shadow over their Section 28 wells, and the defendants would like such questions resolved for good.  But Northern has cited a factual basis both for their assertion of the Section 28 claims in the first instance and the subsequent attempt to drop the claims for lack of evidence that the wells are currently producing storage gas  – something defendants concede is required by Rule 11.  As Northern points out, defendants denied all prior requests to test these wells, making plausible Northern's explanation that it previously lacked sufficient information to clearly show whether the wells were producing storage gas.  As for the alleged prejudice to the defendants, the court concludes this argument is insufficient to preclude the amendment or to require dismissal with prejudice.  For example, defendants say Northern has taken no steps to remove its Section 28 claims from the Pratt County litigation, where payments from gas purchasers have been ordered suspended.  But Northern's response shows that it has now notified the Pratt County District Court of its motion to amend and the fact that Northern has no objection to the release of any proceeds attributable to the Section 28 wells.  Doc. 413 at 12; Doc. 413-2.  Defendants also complain the amendment will cause them to lose "what should be an irrefutable claim for the attorney fees they expended in defense" against these claims.  Doc. 401 at 3.  Any claim for

attorney's fees under K.S.A. § 55-1210 is purely hypothetical at this point and does not warrant

dismissal of the claims with prejudice.  Finally, defendants assert that if the amendment is

allowed Northern will argue that its "experts['] devastatingly ill-founded and incorrect opinions

and 'scientific models' about the 'Section 28' wells should be kept out of evidence as 'irrelevant'

to the remaining claims about other wells."  *Id*.  This specter of potential prejudice is again

insufficient to preclude the amendment.  The possibility of being deprived of some hypothetical

basis of impeaching unspecified expert opinions is so speculative as to provide no weight at all

to defendants' claim of prejudice.  Under the circumstances, defendants' insinuations of bad faith

on Northern's part are not enough to preclude the amendment.  While the defendants' stated

desire to avoid future litigation is understandable – and the amendment would leave open the

possibility of future litigation concerning the Section 28 wells – the fact is even the entry of a

judgment based on current circumstances would not preclude future litigation arising from a

change in circumstances.  Having weighed all of the facts, the court concludes Northern's

motion for leave to amend the complaint should be granted.[2]

    III.  *Motion for Preliminary Injunction*.  Northern seeks a preliminary injunction

requiring L.D. Drilling to allow testing of 5 Section 28 wells on a semi-annual basis for several

years.[3]  After reviewing the briefs and materials submitted, and being familiar with the

---

    [2] Among the circumstances considered are that Northern has now sought an injunction to
test the Section 28 wells and has asked the court to hold its motion to amend in abeyance (both
of which the court addresses below).  Northern may amend the complaint, or not, as it chooses,
but the court will not hold the matter in abeyance.

    [3] The request does not extend to the Pruitt 1-29 or the Joanne 1-20 wells.  Those wells are
not located in Section 28 or Section 33 and Northern does not contend they are on "adjoining
property."  Doc. 413 at 15, n. 2.  The request for injunction does include the following wells:
Gard 1; Ethie Koenemann 1; Koenemann 2; Trinkle 1-28; and Trinkle 1-33.

circumstances surrounding the request, the court concludes Northern's motion for preliminary injunction should be denied at this time.

The motion is based on K.S.A. § 55-1210(c)(2), which provides in part that with regard to natural gas that has migrated to adjoining property or to a stratum, or portion thereof which has not been condemned or purchased, the injector shall have the right to conduct such tests on any existing wells on adjoining property, at the injector's risk and expense, as may be reasonable to determine ownership of such gas.  The injector shall have the right to compel compliance with this section by injunction.[4]  *Id.*, subs. (d).

The court will leave aside for the moment the legal question of whether the Section 28 area wells are on "adjoining property" now that FERC has certified the neighboring sections for inclusion in the buffer zone of the Cunningham Storage Field.  Assuming for purposes of the motion that they are, the right to test is nevertheless limited to such tests "as may be reasonable to determine ownership of such gas."  Northern tested the Section 28 wells in September 2010 and concluded from the results that the wells were not producing storage gas.  Based on this evidence, Northern moved to amend its complaint to remove the Section 28 allegations. Northern has now done something of an about-face, asking the court to hold that motion in abeyance based on a recent increase in production from the Section 28 wells.  In its motion for preliminary injunction, Northern says testing these wells is the best way to evaluate the

---

[4] Defendant argues the current motion is "the latest instance of a disturbing Northern pattern of Northern's utilizing this Court's injunctive powers in this case to acquire defendants' property," and argues that granting the injunction would effectively take defendants' property without just compensation.  Defendant does not address *Williams Nat. Gas Co. v. Supra Energy, Inc.*, 261 Kan. 624, 634, 931 P.2d 7 (1997), wherein the Kansas Supreme Court rejected a similar argument.

effectiveness of its storage gas containment plan and to determine whether the wells are

currently producing migrated storage gas.  Doc. 457 at 3.  It says it will suffer irreparable harm

without the injunction because the lack of tests will deny Northern the ability to evaluate the

effectiveness of its containment plan and will delay implementation of the plan.  *Id*.  The court

concludes Northern has not shown it is reasonable at this time to re-test the Section 28 wells to

determine the ownership of the gas being produced there.  It is undisputed that the prior round of

tests showed that these wells contained no storage gas.  The statute does not spell out what right

an injector has to repeated tests of adjoining wells, but assuming such tests may be ordered, the

court nevertheless concludes testing is not reasonable or necessary to determine ownership of the

gas at this time.  Nor is the court persuaded from Northern's submission that it will suffer

irreparable harm without immediate re-testing.  Northern's motion implicitly recognizes that

other measures to detect migration or to evaluate the effectiveness of its containment plan could

be employed, such as observation wells (assuming Northern pays just compensation to acquire

such wells) or a gas inventory analysis.  The court is not persuaded that the recent increase in

overall production cited by Northern justifies another round of testing at this time to determine

ownership.  Insofar as ownership of the gas is concerned, the court notes that under the Pratt

County District Court judgment in *Northern Nat. Gas Co. v. ONEOK*, 09 CV 111, Northern lost

title to any storage gas that migrated to the Expansion Area prior to June 2, 2010, meaning even

the presence of some storage gas in the Section 28 wells – by itself – would not be proof of

ownership, absent some showing that the storage gas migrated to the Expansion Area after June

2, 2010.  The court also notes that Northern can pursue production records from these wells

through normal channels of discovery.  Finally, given the particular history of the litigation, the

court has some concern about over-use of the testing provisions as an unnecessary intrusion upon the defendants' property, particularly when Northern has been granted the authority to pursue condemnation of the Expansion Area and may acquire that property for use in the storage field by paying just compensation.  Accordingly, the court will deny Northern's motion for preliminary injunction to test the Section 28 wells at this time.

IV. *Motion to Stay or Hold in Abeyance Resolution of Section 28 Briefing* (Doc. 469). Northern moved to hold resolution of the Section 28 issues in abeyance to allow it time to conduct the well tests described above.  For the reasons stated above, the court concludes that the motion for an injunction to test the Section 28 wells should be denied.  The court finds that the request to hold the matter in abeyance should likewise be denied.

V. *Conclusion*.

Northern's Motion For Leave to File Second Amended Complaint (Doc. 390) is GRANTED.  Northern is granted twenty days from the date of this order to file the Amended Complaint.  Defendants' Motion to Dismiss With Prejudice Northern's Claims as to Section 28 Wells (Doc. 400) is DENIED.  Northern's Motion for Hearing (Doc. 451) on the motion for leave to file an amended complaint is DENIED as moot.

Northern's Motion for Preliminary Injunction (Doc. 457) is DENIED;  Defendants' Motion to Strike Motion for Preliminary Injunction (Doc. 462) is DENIED;  Northern's Motion to Stay or Hold in Abeyance Resolution of Section 28 Briefing (Doc. 469) is DENIED.

IT IS SO ORDERED this   30th  Day of August, 2011, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

8