IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,

   Plaintiff,

v.              Case No. 6:08-cv-01405-JTM-KGG

L.D. DRILLING, INC., et al.,

   Defendants.

**MEMORANDUM AND ORDER**

   This matter is before the court on a motion by Northern Natural Gas Company to lift the stay of discovery entered on August 11, 2011 (*See* Dkts. 474 and 539). Defendants oppose the motion. (Dkt. 541). After reviewing the record and the parties' arguments, the court concludes that the motion should be denied at this time. The court further finds, for reasons explained herein, that it may be advisable to certify questions to the Kansas Supreme Court on whether Northern has alleged viable claims for nuisance, civil conspiracy, or unjust enrichment under Kansas law.

   **Background**. Because the extensive history of this case and of related cases is relevant to the matter before the court, the court reviews it below in some detail.

   Northern filed this suit in 2008, claiming that oil and gas producers in an area north of Northern's federally-certified Cunningham gas storage field were producing

storage gas that belonged to Northern.[1] The claims asserted by Northern include conversion, nuisance, unjust enrichment and conspiracy. The defendants assert various counterclaims, including trespass, nuisance, and unjust enrichment. This was not the first such lawsuit filed by Northern. *See Northern Nat. Gas Co. v. Nash Oil & Gas, Inc.*, No. 04-1295-JTM (U.S. Dist. Ct., D. Kan.); *Northern Nat. Gas Co. v. Trans Pac. Oil Corp.*, No. 02-1418-JTM (U.S. Dist. Ct., D. Kan.); *Northern Nat. Gas Co. v. Trans Pac. Oil Corp.*, No. 08-1365-WEB (U.S. Dist. Ct., D. Kan.). [2]

This suit followed an October 2008 administrative ruling from the Federal Energy Regulatory Commission (FERC), which, pursuant to the Natural Gas Act (15 U.S.C. § 717f(h)), authorized Northern to condemn an additional 1,760-acre subsurface area for inclusion in the field as a buffer zone, based on evidence that storage gas was migrating to the north of the certified area. *See N. Nat. Gas Co.*, 127 FERC ¶ 61038, 61160, 2009 WL 998921 (Apr. 14, 2009).

In December of 2009, Northern filed an action in the District Court of Pratt County, Kansas, asserting a common law claim for conversion against the purchasers who were buying gas from defendants' area wells. Dkt. 159-1. Some of the defendant-producers were brought into that case as third-party defendants. Shortly thereafter, the

---

[1] A companion case, No. 08-1400, was filed at about the same time and is now consolidated with this action. Additionally, in 2011, a number of royalty owners filed three related cases. *See* Case Nos. 11-1408, 11-409, 11-1410. The latter cases have not been formally consolidated with this action but have been handled in similar fashion. An agreed-upon stay order was entered in each of the three cases.

[2] In Case No. 02-1418, a jury found that storage gas had not migrated to the challenged wells during the relevant time frame. The jury awarded the operator approximately $4 million in damages for the shut-in of its wells during litigation. In Case No. 04-1295, this court granted summary judgment to the defendant operator based upon the statute of limitation or, alternatively, collateral estoppel. Case No. 08-1365 was dismissed settled by the parties.

gas purchasers began holding gas payments in suspense (at first voluntarily, and later by order of the state court). On April 15, 2010, the Pratt County District Court granted the defendants' motion for summary judgment, finding that the Kansas statute establishing property rights to injected storage gas, K.S.A. § 55-1210, protected an injector's title to storage gas located within its certified storage area and in "adjoining property," but beyond that point the injector lost title and the gas could be produced by a landowner under the rule of capture. The court found that all of defendants' wells were located beyond the "adjoining property," such that there was no conversion of Northern's storage gas.

Meanwhile, Northern sought authority from FERC to condemn additional acreage for the storage field. On June 2, 2010, FERC authorized Northern to condemn the Viola and Simpson formations underlying an additional 12,000-plus acres, including the area where defendants' Viola gas wells were located. Northern acquired voluntary lease rights to a portion of the property and, in July 2010, it filed a federal condemnation action to acquire the remainder. *See Northern Nat. Gas Co. v. Approx. 9117.53 acres in Pratt, Kingman, and Reno Counties, Kansas*, No. 10-1232-JTM-DWB (U.S. Dist. Ct., D. Kan.).

Armed with the FERC certificate, Northern also returned to the Pratt County District Court and asked it to modify its summary judgment ruling, but it declined to do so. Northern appealed, and the case was transferred to the Kansas Supreme Court.

In September 2010, Judge Brown dismissed a number of claims, including Northern's conversion claim to the extent it was based on defendants' production prior

3

to June 2, 2010, the date of the FERC certificate. He said the claim was barred by the collateral estoppel effect of the Pratt County District Court judgment. He found that the conversion claim was not barred as to production after June 2, 2010, however, because the state court had not ruled on that issue. Dkt. 382. He also found that Northern's nuisance, unjust enrichment, and conspiracy claims were not barred by the state court judgment. He also denied motions to dismiss defendants' counterclaims for tortious interference with business expectations, slander of title, and lost production and punitive damages.

On December 22, 2010, Judge Brown granted Northern's motion for a preliminary injunction requiring the defendants to cease production from 25 wells in the "Expansion Area" certified by FERC for condemnation. Dkt. 420. The order was based on a finding that Northern was likely to prevail on its nuisance claim. *Id*. at 33-34. Northern posted a $2 million bond as security. Defendants appealed.

Meanwhile, the condemnation case moved forward. In March 2011, Judge Brown granted Northern's motion to confirm its condemnation authority. No. 10-1232, Dkt. 183. In May 2011, he dismissed defendants' counterclaims, finding they could not be asserted in the condemnation. *Id*., Dkt. 187. In September 2011, he ruled that a commission rather than a jury should determine just compensation. *Id*., Dkt. 336.

In August 2011, the instant case was essentially put on hold to permit the condemnation to move forward. Judge Bostwick granted a stay of discovery, in part because the parties were engaged in extensive discovery in the condemnation and in part because of the pending appeal before the Kansas Supreme Court.. Dkt. 474. He

4

ruled that discovery taken in the condemnation case could be used in this case as well. (No. 10-1232, Dkt. 306 at 12). The parties thereafter filed amended pleadings in this case but otherwise shifted their efforts to the condemnation.

In March 2012, Judge Belot (who assumed both the instant case and the condemnation), issued a preliminary injunction granting Northern immediate possession of the property to be taken in condemnation. No. 10-1232, Dkt. 464. The order required Northern to post a bond of just over $7.8 million and to make a cash deposit of about $2.6 million. *Id*. In January of 2013, Judge Belot appointed the commissioners who would determine just compensation. *Id*., Dkt. 641.

Meanwhile, in October 2012, the Tenth Circuit upheld Judge Brown's preliminary injunction requiring the shut-in of the Extension Area wells. *Northern Nat. Gas Co. v. L.D. Drilling, Inc.*, 697 F.3d 1259 (10th Cir. 2012).

In March 2013, the Kansas Supreme Court affirmed the Pratt County District Court's summary judgment ruling against Northern on its conversion claim. The court remanded the matter to the district court to resolve any remaining claims concerning production after June 2, 2010. *Northern Nat. Gas Co. v. ONEOK Field Servs. Co., LLC*, 296 Kan. 906, 296 P.3d 1106 (2013).

In July 2013, Judge Belot determined that the condemnation "date of taking" was March 30, 2012, when Northern perfected a right to possession of the property. No. 10-1232, Dkt. 691. The docket shows that throughout 2013 and much of 2014, the parties engaged in extensive discovery, filed motions in limine, and filed additional summary judgment motions. In March 2014, Judge Belot ruled that Northern was obligated to pay

5

just compensation for any economically recoverable storage (or native) gas located on defendants' property as of the date of taking. *Id.*, Dkt. 810.[3] The commission appointed to determine just compensation held evidentiary hearings in April and May of 2014, with closing arguments on June 4, 2014. The commission filed its report determining just compensation on August 26, 2014. *Id.*, Dkt. 888. The parties then filed a multitude of objections, but Judge Belot denied the objections and adopted the commission report in a ruling dated February 4, 2015. *Id.*, Dkt. 941. After another round of summary judgment motions, Judge Belot issued an order on July 8, 2015, which addressed prejudgment interest, the validity of certain mineral leases, the allocation of just compensation, liability for attorney's fees and other matters. *Id.*, Dkt. 1000. Judgment was entered in the condemnation on September 15, 2015. Dkts. 1013, 1014. Most if not all of the parties filed notices of appeal from the judgment, and the matter is now before the Tenth Circuit.

As noted previously, the Pratt County District Court ruled in August 2014 that Northern did not have title to gas produced by defendants after June 2, 2010 (the FERC certificate date), such that the gas purchasers did not convert gas purchased after that date. Although the court's order was designated as a final judgment (Dkt. 934-1 at 27), Northern subsequently filed a motion to reconsider, and the briefs indicate that the Pratt County District Court has yet to rule on that motion.

---

[3] The Pratt County District Court made a similar ruling in August 2014. *Northern Nat. Gas Co. v. ONEOK*, Dist. Ct. Case No. 2009 CV 111, Slip Op. (30th Jud. Dist., Aug. 15, 2014). *See* Case No. 10-1232, Dkt. 934-1.

**Discussion**. The parties provided the court with an updated planning report on October 12, 2015. In it, defendants argue the discovery stay previously entered should remain in place. Defendants contend the rulings in the cases outlined above "have effectively disposed of Northern's remaining claims in the present case," and that, "as a matter of law it cannot be unreasonable for them to [have produced] their wells under the circumstances of this case." Accordingly, they argue discovery should be stayed and a schedule should be set for summary judgment motions as to Northern's claims, with their own counterclaims held in abeyance. They argue they have already expended significant time and resources and "should not have to simultaneously defend themselves against Northern on three fronts."

Northern, on the other hand, argues that additional discovery is necessary on their nuisance claim, specifically as to when defendants knew they were (allegedly) interfering with the storage field, as well as on defendants' counterclaims. It argues that "no justification exists for further delaying Northern from having its nuisance claim decided."

The court cannot accept defendants' premise that the above-described court decisions "have effectively disposed of Northern's remaining claims." The question of whether Northern had title to storage gas that was in the Expansion Area after June 2, 2010 (both Judge Belot and the state court have ruled it did not), may be a factor in whether a nuisance existed, but it is not necessarily *dispositive* of a claim for nuisance under Kansas law. Both the Tenth Circuit and the Kansas Supreme Court recognized as much. *See L.D. Drilling, Inc.*, 697 F.3d at 1271-72 ("The state case addressed whether

Northern still had title to the natural gas that migrated several miles away from the Field. Here, on the other hand, the issue is whether Defendants' production from their wells in the expansion area unreasonably interfered with Northern's storing its natural gas in the Field. Therefore, the state court's decision … cannot make Defendants' interference with Northern's storage field reasonable."); *ONEOK Field Svcs. Co.*, 296 Kan. at 928 (noting same distinction).

Defendants' proposal to halt everything except a summary judgment motion on the nuisance claim is thus based on a faulty premise. At the same time, the court recognizes defendants' complaint that their resources are being drained by having to litigate against Northern on multiple fronts. Additionally, the condemnation appeal before the Tenth Circuit and the almost-certain appeal of the Pratt County District Court judgment contain some issues in common with this case and could well result in future rulings that affect the parties' claims and/or damages in the instant case.

Whether or not Kansas law would recognize a claim for nuisance, civil conspiracy, or unjust enrichment under the facts alleged by Northern are novel questions of state law.[4] Resolution of these issues requires application and construction of potentially conflicting Kansas statutes and prior Kansas Supreme Court decisions. The issues are unsettled to the point where this court would essentially be guessing if it attempted to predict how the Kansas Supreme Court would rule on these fundamental questions of state property law. Although certification of these questions to the Kansas

---

[4] The conversion claim is not included here because it is likely to be presented to the Kansas courts in an appeal from the impending Pratt County District Court judgment.

Supreme Court is not compelled in such circumstances, the court believes in this instance that it represents the better course. *Cf. Pehle v. Farm Bureau Life Ins. Co., Inc.*, 397 F.3d 897, 900, n.1 (10th Cir. 2005) (declining to certify where resolution of case involved well-settled state law).

Accordingly, the court notifies the parties that it is considering certification of these issues to the Kansas Supreme Court. *See* K.S.A. § 60-3201 (the Kansas Supreme Court may answer questions of law certified to it by a United States district court that involve determinative questions of Kansas law on which there is no controlling precedent). The parties are granted 20 days from the date of this order to file briefs setting forth their positions with respect to certification. The briefs should include the parties' positions with respect to the proper phrasing of any certified question and the factual allegations which Northern contends show nuisance, civil conspiracy or unjust enrichment. Response briefs may be filed within 10 days of service of the opposing party's brief. No replies shall be filed.

**IT IS THEREFORE ORDERED** this 12th day of February, 2016, that Northern's Motion to lift Stay (Dkt. 539) is DENIED without prejudice. The parties have 20 days from the date of this order to file briefs on the court's proposal to certify questions to the Kansas Supreme Court, and 10 days thereafter to file response briefs.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE