IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,

        Plaintiff,

v.                                      Case No. 6:08-cv-01405-JTM

L.D. DRILLING, INC., *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on motions by plaintiff Northern Natural Gas to strike various counterclaims (Dkt. 572) and to dismiss a counterclaim for abuse of process (Dkt. 597). For the reasons set forth herein, the motion to strike is granted in part and denied in part, and the motion to dismiss the abuse of process claims is granted.

**I. Motion to Strike (Dkt. 572).**

1. *Abuse of process claims*. Northern moves to strike defendants' abuse of process claims. For reasons set forth *infra* the court finds that Northern's separate motion to dismiss these claims for failure to state a valid claim for relief should be granted. The court therefore does not address the argument that the claims are procedurally barred.

2. *Overriding royalty interest owner counterclaims*. Northern moves to strike counterclaims asserted by the L.D. Group[1] and Val Energy Group[2] on behalf of

---

[1] The L.D. Group includes: L.D. Drilling, Inc.; Carl Dudrey; HJB, Inc.; Larry E. Keenan; Timothy R. Keenan; Ivan W. Milton; Lisa M. Milton; Marilyn M. Davis, Executrix of the L.S. Davis Estate; Bill R.

overriding royalty interest owners. The defendants concede this portion of Northern's argument. Dkt. 581 at 12. The court will therefore grant the motion to strike counterclaims on behalf of overriding royalty interest owners.

3. *Nash counterclaim for slander of title*. Northern argues this claim is precluded by a prior stipulation of dismissal. *See* Dkt. 124 (stipulation dismissing with prejudice Nash's counterclaim for slander of title). It also contends the alleged false statements are absolutely privileged and were not false at the time they were made. Dkt. 587 at 1-4. In response, Nash argues that the claim now asserted accrued *after* the prior stipulation of dismissal and is not barred. Nash also contends Northern has waived any privilege defense and, in any event, that the statements are not protected by privilege.

Northern's motion to strike this claim is denied. As Northern recognizes, "where the facts that have accumulated after the first action are enough on their own to sustain [a] second action, the new facts clearly constitute a new claim." Dkt. 587 at 2 (*quoting Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) (*citing Storey v. Cello Holdings, LLC*, 347 F.3d 370, 384 2nd Cit. 2003)). Nash claims the statements underlying its slander of title claim were made after the August 2009 dismissal of its earlier claim. If so, and if the allegations are otherwise sufficient to support a claim, then the August 2009 order of dismissal does not bar the claim. *See also* Dkt. 152 at 17 ("subsequent

---

Milton; Tammy L. Milton; Kim B. Shoemaker; Nancy H. Shoemaker; Whitetail Energy, Inc.; and Steven E. Young. Dkt. 581 at 1, n.1.

[2] The Val Energy Group includes: VAL Energy, Inc.; Allam Exploration, LLC; Apollo Energies, Inc.; Robert P. Bayer II; Lies Exploration, LLC; David Munro; Brenda M. Riffye; Larry D. Riffey; Eric D. Stinson Trust Dated January 25, 2007; Vosburgh Exploration, LLC; John P. Hastings; and Dale L. Smith and Mae D. Smith Revocable Trust Dated December 5, 2007. Dkt. 582.

conduct, … even if it is of the same nature as the conduct complained of in a prior suit, may give rise to an entirely separate cause of action.") [*citing Waddell & Reed Financial, Inc. v. Torchmark Corp.*, 292 F.Supp.2d 1270, 1281 (D. Kan. 2003) (*quoting Kilogar v. Colbert County Bd. of Educ.*, 578 F.2d 1033, 1035 (5th Cir. 1978))].

As for privilege, the court first rejects Nash's contention that Northern waived this defense. It is true that Rule 8(c) generally requires an affirmative defense to be included in a responsive pleading, and Northern failed to assert privilege in its answer. Dkt. 575. But discovery still has months to go, the dispositive motion deadline is months off as well, and the trial is more than a year away. Northern has timely alerted Nash to the defense via the motion to strike, and Nash offers no suggestion of prejudice or unfair surprise. Under the circumstances, the court finds no waiver. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to consider the issue); *Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006) ("strict adherence to the pleading requirement is inappropriate when the [notice] purpose of the requirement has been otherwise fulfilled"). As for application of the defense, however, both parties allude to facts outside the pleadings to support their positions. The court cannot make such factual findings on a motion to strike. Similarly, Northern's argument that its statements "were not or could not have been false or slanderous at the time" depends upon facts outside of the pleadings, and is more properly the subject of a motion for summary judgment than a motion to strike. Accordingly, the motion to strike the slander of title claim is denied.

3

4. *Request to strike allegations under Fed. R. Evid. 408*. Northern argues that L.D. Drilling's answer improperly includes statements made by Northern during compromise negotiations, contrary to Fed. R. Evid. 408(a). While the admissibility of such material under Rule 408 appears questionable, the court agrees with L. D. Drilling that the request to strike the allegations from the pleadings is premature. Rule 12(f), which allows the court to strike any "redundant, immaterial, impertinent, or scandalous matter," should be used "only when the material may be prejudicial to a party and lacks any 'possible relation to the controversy.'" *Sawo v. Drury Hotels Co., LLC*, 2011 WL 3611400, *2 (D. Kan. Aug. 15, 2011) (*citing Rubio ex rel. Z.R. Turner Unif. Sch. Dist. No. 202*, 475 F.Supp.2d 1092, 1101 (D. Kan. 2007)). The rule is not designed to allow parties to obtain advance rulings on the admissibility of evidence. Thus, "Rule 408 disputes are more appropriately resolved in the context of a motion in limine instead of prematurely through a Rule 12(f) motion." *Sawo*, 2011 WL 3611400 at *2. *See also* Fed. R. Civ. P. 56(c)(2) (party may object that material cited on summary judgment cannot be presented in a form that would be admissible). The motion to strike the material is therefore denied.

**II. Motion to Dismiss (Dkt. 597).**

Northern moves to dismiss defendants' abuse of process claims for failure to state a claim upon which relief can be granted. Dkt. 598. Northern essentially argues that defendants have failed to allege facts showing an improper use of court processes.

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly,* 550 U.S. 544, 570 (2007)). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff for purposes of determining whether the complaint states a plausible claim for relief. *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009).

In dismissing defendants' prior attempt to assert an abuse of process claim, Judge Brown identified the following essential elements under Kansas law: (1) the defendant made an illegal, improper, perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process, and (3) damage resulted to plaintiff from the irregularity. Dkt. 382 at 10 (*citing Merkel v. Keller*, 232 P.3d 887, 2010 WL 2670846 (Kan. App. June 25, 2010) (Table, text in Westlaw); *Porter v. Stormont-Vail Hospital*, 228 Kan. 641, 647, 621 P.2d 411 (1980); *and Welch v. Shepherd*, 169 Kan. 363, 366, 219 P.2d 444 (1950)). Judge Brown also cited the following standards from Am.Jur.2d, *Abuse of Process* § 11:

> Abuse of process contemplates some overt act done in addition to the initiating of the suit; thus, the mere filing or maintenance of a lawsuit, even for an improper purpose, is not a proper basis for an abuse of process action. Generally, therefore, no right of action exists for damages resulting from the institution and prosecution of a civil action if the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint, even if the plaintiff had an ulterior motive in bringing the action, or if the plaintiff knowingly brought suit upon an unfounded claim. However, if the suit is brought not to recover on the

>cause of action stated in the complaint, but to accomplish a purpose for which the process was not designed, there is an abuse of process.

Dkt. 382 at 10.

Defendants allege five specific ways in which they contend Northern made an improper or illegal use of process. An examination of these five allegations shows that defendants have failed to state a plausible claim.

Defendants first allege that Northern utilized "discovery or injunction" to obtain "information that is not relevant to any disputed issue in these cases" so it could use the information in FERC proceedings. Defendants fail to identify any such irrelevant information or how Northern obtained it. Of course, any discovery Northern obtained was subject to objection as being outside the proper scope of discovery, and could have been (or was) ruled on by the court. Defendants may simply be referring to a disagreement with some court ruling about the scope of discovery. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (if the allegations are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff has not nudged his claims across the line from conceivable to plausible). Absent an allegation identifying the irrelevant information and the circumstances under which it was obtained, defendants have failed to show a use "neither warranted nor authorized by the process." *Cf. Younger v. Solomon*, 38 Cal. App. 3d 289, 113 Cal. Rptr. 113 (Ct. App. 1974) (use of an interrogatory to publish material injurious to an attorney's reputation, where publication had no relation or connection with the action, supported a claim).

A second allegation is that Northern used court processes to "inflict[] financial injury on the Defendants" to reduce their ability to defend the litigation and to induce them to abandon exploration. Defendants fail to explain how Northern inflicted the injury, or, for that matter, the nature of the injury. As Am.Jur.2d § 11 indicates, "the mere filing or maintenance of a lawsuit, even for an improper purpose, is not a proper basis for an abuse of process action." By its nature, any court process imposes costs upon the parties involved. That fact alone does not show abuse of process. And although defendants allege that Northern filed a series of cases over the years against producers around the Cunningham Storage Field, absent from their claim are facts plausibly showing that such cases were not properly confined to their regular and legitimate function given the claims asserted. As the Tenth Circuit has pointed out, the nature and specificity of the allegations required to state a plausible claim varies with context. *Kan. Penn Gaming, LLC. v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). The context here relates to claims of underground migration of storage gas – a matter that "presents difficult issues of proof and determination by the courts and by private parties alike," Dkt. 382 at 7, in the midst of an unsettled (indeed, unprecedented) area of law that was dramatically affected by a 2013 Kansas Supreme Court ruling. *See* Benjamin Carmichael, *Drinking a Milkshake from Someone Else's Private Collection: How the Rule of Capture Remains in Play for Storage Gas* (*Northern Natural Gas Co. v. Oneok Field Services Co.*, 296 P.3d 1106 (Kan. 2013)), 54 Washburn L.J. 397, 412 (2015) ("The Kansas Supreme Court's use of the surface term 'adjoining' to define rights in a vast underground reservoir led to a result contrary to the intent of the Kansas legislature,

7

drastically limiting the extent of protection afforded to migrating gas."). In this context, the allegation that Northern brought multiple lawsuits asserting an interest in injected storage gas fails to support a claim for abuse of process.

A third alleged abuse of process occurred from Northern "inducing ONEOK and Lumen [gas purchasers], and others to take steps that would reduce the Defendants' legitimate exploration and production against which Northern has no legitimate right of complaint or expectation of relief in those cases." Dkt. 567 at 33. The vagueness of Northern "inducing" purchasers "to take steps" to reduce exploration renders this claim too speculative to survive a motion to dismiss. The allegations show nothing beyond Northern's resort to judicial processes to assert claims arising from and related to storage gas migration.

Defendants also allege that Northern "caus[ed] the Defendants to convey property to Northern, or [took] Defendants' properties by eminent domain for nothing or for far less than those properties are worth…." Dkt. 567 at 33. This allegation fails to explain how Northern abused court processes to "cause" defendants to convey property. As for eminent domain, federal law and state law specifically authorize natural gas utilities to invoke eminent domain to acquire property for gas storage. Nothing is alleged to show how Northern abused this process to take defendants' property for nothing or for far less than it was worth. The claim seemingly reflects defendants' disagreement with the amount of just compensation determined by a commission and by Judge Belot in a related condemnation proceeding, *Northern Nat.*

8

*Gas Co. v. Approx. 9117.53 Acres*, No. 10-1232-MLB. As such, it fails to state a plausible claim for relief.

Defendants' final allegation alludes to the foregoing acts and claims Northern did similar things "aimed at other producers or potential producers." Dkt. 567 at 33. This allegation fails to state a claim for the reasons stated above, and because the defendants fail to show standing to assert a claim for injuries that Northern may have caused to other producers.

As noted above, "no right of action exists … from the institution and prosecution of a civil action if the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint…." The allegations here show frequent and long-running disputes over rights to migrated storage gas. Northern's attempts to establish property rights in the gas that it injected, even if ultimately unsuccessful, do not show the use of judicial process for a purpose other than that for which it was designed. *See* Restatement (Second) of Torts § 682 comment b (1977) ("[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, [although] there is an incidental motive of spite or an ulterior purpose….").

**IT IS THEREFORE ORDERED** this 20th day of March, 2017, that Northern's Motion to Strike (Dkt. 572) is GRANTED IN PART and DENIED IN PART; Northern's Motion to Dismiss defendant's abuse of process claims (Dkt. 597) is GRANTED.

         ___s/ J. Thomas Marten_____
         J. THOMAS MARTEN, JUDGE