IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS )
COMPANY, )
 )
              Plaintiff, )
 ) Case No.: 08-1405-JTM-KGG
L.D. DRILLING, INC., *et al.*, )
 )
              Defendant. )
_____ )

## MEMORANDUM & ORDER LIFTING STAY

The undersigned Magistrate Judge entered a Minute Order suspending all deadlines in this case, by agreement of the parties, on July 24, 2017. (Doc. 638, text entry.) This stay was entered "in light of recent developments in related cases." (*Id.*) The case was set for a telephone status conference, which was ultimately held on October 2, 2017, wherein the Court and the parties discussed whether the stay should remain in effect. Prior to the conference, the parties supplied the Court with emails detailing their respective positions and discussing relevant events in related cases. (Docs. 641-1, 641-2.)

Defense counsel stated that at the time the deadlines were suspended, they were "preparing a petition for hearing and rehearing en banc in the Tenth Circuit relating to that court's ruling on ownership and rights to gas underlying [Defendants'] wells on and after June 2, 2010, the date that FERC issued the

1

regulatory certificate authorizing the expansion of [Plaintiff's] storage field." (*See* Doc. 641-1.) That petition was denied by the Tenth Circuit, but Defendants have since "filed a motion to stay issuance of the Tenth Circuit's mandate pending their petition for a writ of certiorari in the U.S. Supreme Court," which is currently pending. (*Id.*)

Concurrently, in the parallel Kansas state court action, the Pratt County District Court issued a ruling that denied Plaintiff's "motion to reconsider, and affirm[ed] its original order that [Defendants] had the right to operate their wells after the June 2, 2010[,] FERC Certificate . . . ." (*Id.*) Plaintiff appealed that order in August, 2017.

Defense counsel contends that "[w]ith the issuance of the State court order, there are now Kansas-State and Federal rulings from separate lawsuits that stand in direct conflict, both addressing identical unresolved issues of Kansas law relating to [Plaintiff's] storage field, migrating storage gas, and the rights to and ownership of that gas." (*Id.*) Because of this, Defendants argue the stay should continue – "the resolution of the condemnation case and, even more importantly, the Pratt County appeal, will directly affect the parties' rights in this case." (*Id.*) Defendants continue that

> proceeding with the present case will impose significant financial burdens on all the parties – in particular the defendants, whose imminent expert expenses will be substantial. All of those expenses could be for naught

depending on how the Pratt County case and the
condemnation case are finally resolved. And such waste
will likely be compounded if discovery proceeds at this
time because the experts' opinions regarding the
producers' defenses, the producers' counterclaims, and
Northern's damages claims are all directly impacted by
who has the right and title to post-June 2, 2010[,] gas.

(*Id.*)

Plaintiff points to an Order from May 2106 in which the District Court lifted a stay in this case that had been in effect for five years. (Doc. 641-2.) Therein, the District Court held that "[t]he pending state case and the Tenth Circuit appeal do not include claims for nuisance . . ., and they clearly will not 'resolve' these claims, as the court has already pointed out." (Doc. 561.) Plaintiff also quotes the following language from the District Court's February 2016 Order that initially denied the motion to lift the prior stay:

> The court cannot accept defendants' premise that the
> above-described court decisions 'have effectively
> disposed of Northern's remaining claims.' The question
> of whether Northern had title to storage gas that was in
> the Expansion Area after June 2, 2010 (both Judge Belot
> and the state court have ruled it did not), may be a factor
> in whether a nuisance existed, but it is not necessarily
> dispositive of a claim for nuisance under Kansas law.
> Both the Tenth Circuit and the Kansas Supreme Court
> recognized as much. *See* ***L.D. Drilling, Inc.***, 697 F.3d at
> 1271-72 ("The state case addressed whether Northern
> still had title to the natural gas that migrated several
> miles away from the Field. Here, on the other hand, the
> issue is whether Defendants' production from their wells
> in the expansion area unreasonably interfered with
> Northern's storing its natural gas in the Field. Therefore,

3

> the state court's decision . . . cannot make Defendants' interference with Northern's storage field reasonable."); ***ONEOK Field Svcs. Co.***, 296 Kan. at 928 (noting same distinction).

(Doc. 550, at 7-8.)

Plaintiff argues that "[y]et another stay will push this matter well beyond **ten years since its initial filing**." (Doc. 641-2.) Plaintiff contends this is unnecessary because the Tenth Circuit's opinion "provides the necessary guidance" in the present case as to whether "ownership of storage gas after issuance of the June 2010 FERC Certificate remains an issue with respect to [Plaintiff's] nuisance claim or any counterclaim advanced by [Defendants] . . . ." (*Id*.)

The District Judge's prior Order provides clear guidance. This matter should move forward not withstanding potential developments in related cases which may be decided for months or years. As such, the stay and agreed suspension of deadlines (Doc. 638) in this matter is lifted. The parties are directed to submit to the Court a proposed joint Scheduling Order **within three (3) weeks** of the date of this Order.

**IT IS SO ORDERED.**

Dated this 5th day of October, 2017, at Wichita, Kansas.

                                                S/ KENNETH G. GALE
                                                HON. KENNETH G. GALE
                                                U.S. MAGISTRATE JUDGE