IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,

        Plaintiff,

v.                                                    Case No. 08-1405-JTM

L.D. DRILLING, INC.,
VAL ENERGY, INC.,
NASH OIL & GAS, INC., *et al.*,

        Defendants.


NORTHERN NATURAL GAS COMPANY,

        Plaintiff,

v.                                                    Case No. 10-1232-JTM

APPROXIMATELY 9117.53 ACRES IN PRATT,
KINGMAN, AND RENO COUNTIES, KANSAS,
*et al.*,

## MEMORANDUM AND ORDER

This matter came before the court on January 8, 2018, for arguments on three pending matters. First, in Case No. 10-1232, Northern asked the court to establish a schedule to resolve the issues remaining in light of the Tenth Circuit's mandate affirming in part and reversing in part the condemnation judgment (Dkt. 1046). Second, Northern moved for an order directing some of the defendants in 10-1232 to install bridge plugs in their Extension Area wells. And third, in Case No. 08-1405, defendants asked the court to overturn Magistrate Judge Gale's order lifting a stay of deadlines.

The court took these matters under advisement after hearing the arguments, indicating it would wait at least until a ruling by the U.S. Supreme Court on defendants' petition for writ of certiorari in Case No. 10-1232 before proceeding. The U.S. Supreme Court has now denied the petition (Dkt. 1059), leaving the Tenth Circuit's mandate in effect. Both cases present essentially the same choice: whether to proceed or whether to await a ruling by the Kansas Supreme Court on a related question of state law. For the reasons that follow, the court concludes that both of the cases should proceed rather than be stayed.

<u>Case No. 10-1232</u>

Northern asks the court to enter a scheduling order for resolution of the condemnation's remaining issues, including payment of compensation. In response, defendants argue there is a "significant possibility" the Kansas Supreme Court will rule contrary to the Tenth Circuit's holding, and they note that "Rule 60 is an appropriate vehicle for post-judgment relief in light of changed law" of this sort. Defendants argue the court should "simply wait for resolution of these issues by the Kansas Supreme Court." (Dkt. 1048 at 5-6). They also argue no schedule for payment of compensation can be made until the parties have an opportunity to litigate certain issues. They contend additional facts have come to light that undermine the opinions of Northern's experts upon which the judgment was based, and that the Tenth Circuit's order is "not subject to straightforward application on remand." (*Id.* at 8).

Now that the U.S. Supreme Court has denied the petition for certiorari, the court concludes it is obligated to move forward to address the remaining issues in accordance

with the Tenth Circuit's mandate. Defendants might be correct in their prediction that the Kansas Supreme Court will rule in a manner that conflicts with the Tenth Circuit, but any such ruling is speculative at this point and does not warrant staying the litigation. The Tenth Circuit was obviously aware of the Pratt County District Court decision when it refused to alter its opinion or stay its mandate. *See Black's Law Dictionary* (10th ed. 2014) (a mandate is "an order from an appellate court directing a lower court to take a specified action."). Should a conflicting ruling be issued at some future point by the Kansas Supreme Court, defendants would be free to seek Rule 60 relief and to reassert a request for stay. But at this point, the mere possibility of a future conflict does not warrant putting the case on hold. Similarly, the alleged difficulty of the remaining issues and the prospect of incurring litigation costs do not warrant further delay.

*Motion to Enforce Prior Orders (Dkt. 1052)*. Northern seeks an order in No. 10-1232 requiring Nash Oil and Gas and Val Energy "to immediately isolate the Viola and Simpson formations in their remaining wells within the 2010 Extension Area by setting a bridge plug." (Dkt. 1052 at 1). Northern asserts that the KCC has stated that some or all of these wells are leaking gas from the wellhead and that they present a public danger. (*Id*. at 9). In April 2017, the Nash Mabel #2 Well suffered a blowout after being struck by a farm vehicle. The KCC apparently engaged a private party, entered the well, and plugged it. (*Id*.).

Northern states that after the Mabel blowout, it attempted to get the KCC to enforce its regulations to require the defendants to plug the abandoned wells, but the

KCC instead filed a motion with FERC asking for an order directing Northern to isolate the remaining wells. (*Id*. at 10). Northern contends it has no legal authority to enter the wells or to plug them, and it contends the defendants' failure to do so is a violation of this court's order granting Northern exclusive possession of the Viola and Simpson formations in the Extension Area. Northern contends "[t]his Court is obligated to enforce Northern's right of exclusive possession in the Viola and Simpson formation[s]" by directing Nash and Val to set bridge plugs in each of the remaining wells to isolate the Viola and Simpson formations.

Although not labeled as such, Northern's motion is a request for injunctive relief. A party seeking an injunction has an obligation to show, among other things, it has no adequate remedy available at law. *N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306 (1984). Leaving aside all other questions, including whether this court has authority to issue the requested order, the court finds Northern has not shown that it lacks a legal remedy. Although Kansas law appears to address the plugging of abandoned wells and isolating wells that penetrate a gas storage formation, and the KCC has statutory jurisdiction over such matters, the KCC has petitioned FERC to order Northern to take remedial action based on KCC's belief that Northern has an obligation to act under FERC orders or the FERC certificate. But if, as Northern contends, KCC is mistaken in that regard, Northern does not explain why it cannot obtain a ruling to that effect from FERC and then pursue available remedies to obtain relief from the KCC. Accordingly, Northern's motion for injunctive relief is denied without prejudice.

4

Case No. 08-1405

Defendants challenge the Magistrate Judge's order lifting the stay of deadlines, arguing that forging ahead will impose unnecessary and significant burdens on the court and parties "which could be ultimately wasted depending on how the Kansas Supreme Court … rules." (Dkt. 642 at 3). Defendants point out the Tenth Circuit granted Rule 60 relief in *Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir. 1975) when a related ruling by the Oklahoma Supreme Court undermined a federal court judgment. But unlike *Pierce*, in this case there is only the *potential* for a conflicting ruling by the Kansas Supreme Court.

The balance of factors in these circumstances weighs against a stay. As Northern points out, the case is nearly ten years old but has not yet progressed to judgment. The last time the case was put on hold to wait for a ruling in a related appeal, the resulting delay was several years, and the ruling ultimately did not dispose of all the remaining issues. In the court's view, the facts weighing against a stay have not changed materially from May of 2016, when the court initially lifted the stay. (Dkt. 561). As the court noted in that order, it has an obligation to decide questions of state law when necessary to render a judgment, even if the questions "are difficult or uncertain or have not yet been ruled on by the highest court of the state." (*Id*. at 2). Should the Kansas Supreme Court come forth with a ruling while this litigation is still pending, on matters affecting the remaining issues, the court will have to take the ruling into account at that time.

Rule 1 provides that the rules should be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It is time for the instant case to proceed to a resolution. In resolving the remaining issues, the court will make every effort to reduce the cost of litigation as much as possible.

**IT IS THEREFORE ORDERED** this 31st day of January, 2018, that:

In Case No. 10-1232, Northern's Motion to Enforce Prior Orders (Dkt. 1052) is DENIED without prejudice. Northern's Motion for Hearing (Dkt. 1047) is GRANTED. The case is referred to the Magistrate Judge for development of an updated scheduling order.

In Case No. 08-1405, defendants' Motion for Hearing (Dkt. 643) was GRANTED; defendants' Motion for Review (Dkt. 642) is DENIED. The Memorandum and Order of Magistrate Judge Gale lifting the stay of deadlines (Dkt. 641) is AFFIRMED and ADOPTED by the court.  The case is referred to the Magistrate Judge for development of an updated scheduling order.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
