IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS CO.,
    Plaintiff,

vs.                                          No. 08-1405-JTM

L.D. DRILLING, INC., *et al.*,
    Defendants.

MEMORANDUM AND ORDER

The Estate of L.D. Davis has moved (Dkt. 676, Suppl. Mtn. Dkt. 676) for certification of the court's prior Order (Dkt. 673) for interlocutory appeal. In that Order, the court denied the Estate's argument that it had been improperly substituted for L.D. Davis following his 2016 demise.[1] Under 28 U.S.C. § 1292(b), the court may authorize an immediate appeal as to "a controlling question of law," if there is "a substantial ground for difference and appeal" and such appeal "will materially advance the ultimate termination of the litigation."

---

[1] The court reached the same conclusion in the condemnation action, incorporating its conclusions in this case and finding that the representation of the Estate by counsel for the L.D. Group of defendants equitably estopped the Estate from raising the claim.

The court will not issue a certificate here because an appeal will not materially advance the litigation. Even assuming the Tenth Circuit accepted the appeal and ultimately ruled in the Estate's favor by determining that it had not been properly served, the likely result would simply be the filing of a new suggestion of death and new motion for substitution. *See Hilsabeck v. Lane Co.*, 168 F.R.D. 313, 314 (D. Kan. 1996) ("the time for filing a motion to substitute a party" commences when a suggestion of death has been properly served). Thus, any such appeal, even if successful from the Estate's point of view, is simply additional delay without measurable impact on the ultimate conclusion of the litigation.

Of course, the Estate argues the Rule 25 deadline for substitution began when it filed a Notice of Suggestion of Death (Dkt. 666) on April 15, 2018. But that Notice created no new deadline for moving for substitution, as the Estate by time had already been a party to the litigation for a year and a half, after Magistrate Judge Gale granted substitution on September 12, 2016. (Dkt. 577).

Moreover, the court finds an appeal would not address a controlling question of *law* as to which there is a substantial basis of a difference of opinion. The Estate, as the court has noted earlier, now contends that the earlier substitution was not actually filed on its own behalf. But this raises a factual question, not a question of law. The issue does not warrant an interlocutory appeal.

The Estate's supplemental motion argues that appeal should be allowed because the Kansas state courts would not be bound to follow an award against it if it was not

properly served. The court rejects the argument, made for the first time in the motion for interlocutory appeal, that this court lacks jurisdiction to bind the defendant.

By proper substitution, the Estate is a party to the present litigation. The propriety of the substitution under federal law was actually litigated, and the decision of this court are binding on the Estate in proceedings before other courts. *See Rhoten v. Dickson*, 290 Kan. 92, 113, 223 P.3d 786 (2010) (citing *Stanfield v. Osborne Industr.*, 263 Kan. 388, 396, 949 P.2d 602 (1977), *cert. denied*, 525 U.S. 831 (1998) and *Heck v. Humphrey*, 512 U.S. 477, 478 (1994)); *Debbrecht v. City of Haysville*, 2014 WL 3997180 (Kan. Ct. App. 2014) ("Because this court is examining the preclusive effects of a federal court judgment, federal law controls as to the elements of collateral estoppel").

The issue of the validity of the substitution has been decided on the merits after a full and fair opportunity for all parties to advance their arguments. The court finds no grounds for supposing that such decision is not binding.

IT IS ACCORDINGLY ORDERED this 29th day of March, 2019, that the defendant's Motions for Certification (Dkt. 675, 676) are hereby denied.

/s/J. Thomas Marten
J. Thomas Marten, Judge